**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Christian Jordon Elledge,

Petitioner, Case No. 23-cv-11373

v.

Judith E. Levy
United States District Judge

Barbara Storey,

Respondent.

________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS UNDER HABEAS RULE 4 [5]**

Petitioner Christian Jordon Elledge seeks a writ of habeas corpus under 28 U.S.C. § 2254 following his conviction and sentencing for several vehicular offenses in the Michigan Circuit Court for the County of Wayne. (ECF No. 1.) Respondent moves to dismiss the § 2254 petition on grounds that it was filed after the expiration of the one-year limitations period. (ECF No. 5.)[1] For the reasons set forth below, the

[1] Respondent's motion states that the Court "should substitute Warden Michelle Floyd in the caption of this case since she is now the warden at the facility where Elledge is incarcerated." (ECF No. 5, PageID.49.) It is unclear whether Ms. Floyd continues to serve as the warden at the relevant facility as of September 2026.

Court GRANTS Respondent's motion to dismiss (ECF No. 5) and dismisses Petitioner's § 2254 petition (ECF No. 1) with prejudice.[2]

## I. BACKGROUND

Petitioner "was convicted as a result of driving a . . . van into a parked vehicle. . . that had stopped on the side of the road to assist another driver." (ECF No. 6-14, PageID.739.) At the time of the accident, the van was traveling at an estimated 84 miles per hour, which was well over the 55-miles-per-hour speed limit in the relevant zone. (*Id.*) The impact killed one occupant of the parked vehicle (an 18-year-old woman) and seriously injured the other occupant. (*Id.*) Responding officers found Petitioner in the van upon arriving at the scene. (*See id.*) Petitioner "told the police that he had not been driving and did not know who had been." (*Id.*) He was taken to the hospital, where his blood alcohol level was measured as more than twice the legal limit. (*See id.*)

In 2019, a jury convened by the Circuit Court of Wayne County, Michigan convicted Petitioner of causing death and serious injury by operating a vehicle while intoxicated, among other offenses. (*See* ECF No.

[2] The Court apologizes for the delay in addressing the § 2254 petition and Respondent's motion for dismissal.

6-10, PageID.71.) Petitioner was sentenced to ten to fifteen years of imprisonment in the custody of the Michigan Department of Corrections. (*See* ECF No. 6-13, PageID.735–736.)

Petitioner filed a direct appeal with the Michigan Court of Appeals. (*See generally* ECF No. 6-14.) On May 6, 2021, the court affirmed Petitioner's conviction and sentence in an unpublished opinion. (*See id.*) *See also People v. Elledge*, No. 350639, 2021 WL 1827972 (Mich. App. May 6, 2021). Petitioner sought leave to appeal that decision to the Michigan Supreme Court. On March 8, 2022, the Michigan Supreme Court denied Petitioner's application for leave to appeal. (ECF No. 6-15, PageID.898.) *See also People v. Elledge*, 970 N.W.2d 320 (Mich. March 8, 2022) (unpublished table decision). Petitioner did not file a motion for rehearing with the Michigan Supreme Court or petition the Supreme Court of the United States for a writ of certiorari.

Petitioner filed his federal habeas petition with this Court on June 8, 2023. (ECF No. 1.) The petition raises five grounds for relief. (*See id.* at PageID.2–3.) Petitioner argues that his due-process rights were violated by (1) law enforcement's destruction of potentially exculpatory evidence, (2) the trial court's admission of certain statements by

Petitioner over his counsel's objection, (3) the alleged absence of evidence to prove the "identity element" of the offenses for which he was convicted, and (4) the state trial court's treatment of his refusal to admit guilt as an aggravating factor when imposing a sentence. (*See id.*) Petitioner also argues that his convictions violated his right not to be placed in double jeopardy. (*See id.* at PageID.2.)

The Court ordered Respondent to respond to the petition. (ECF No. 2.) On December 14, 2023, Respondent filed a motion to dismiss in lieu of a response addressing the merits. (*See* ECF No. 5.) Petitioner responded to the motion to dismiss in a reply brief filed on January 29, 2024. (ECF No. 7.) Respondent's motion is fully briefed.

## II. ANALYSIS

Respondent argues that the § 2254 petition is untimely because (1) it was not filed within the one-year limitations period applicable to such petitions and (2) there is no basis to equitably toll the deadline. (*See* ECF No. 5, PageID.55.) The Court agrees.

### A. Computation of Deadline Under 28 U.S.C. § 2244(d)

Federal law establishes a one-year limitations period for "an application for a writ of habeas corpus by a person in custody pursuant

to the judgment of a State court." 28 U.S.C. § 2244(d). Petitioner and Respondent agree that the limitations period here began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). (*See* ECF No. 1, PageID.3; ECF No. 5, PageID.53–54.)

In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on March 8, 2022. (ECF No. 6-15, PageID.898.) Because Petitioner did not thereafter petition the Supreme Court of the United States for certiorari, the judgment against him became final on the last day on which a petition for certiorari could have been filed. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The Supreme Court's procedural rules required Petitioner to petition for certiorari no later than "90 days after entry of the judgment." Sup. Ct. R. 13.1. The judgment against Petitioner therefore became final on June 6, 2022, which is 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal on direct review in an order entered on March 8, 2022. The period in which to file a federal habeas petition thus expired on Tuesday, June 6, 2023, as this date falls one year after the "judgment became final by the conclusion of direct review or the

expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (explaining how a deadline should be calculated under § 2244(d)(1)(A)).

Petitioner filed his § 2254 petition on June 8, 2023, which was two days after the limitations period expired. The petition is therefore untimely.

Petitioner resists this straightforward calculation. He first asserts that the petition was not due until June 8, 2023, which was the day on which it was filed. Petitioner argues as follows:

> Respondent correctly notes that Petitioner had one year plus 90 days to file the habeas petition once state direct review had concluded on March 8, 2022 (Respondent's Response, p 7, PAGE ID 55), which calculates to 12 months plus 90 days. In this regard, Petitioner had 15 months to file after March 8, 2022, which would be June 8, 2023. Since this is the exact date that Petitioner filed his habeas petition, Respondent's Motion is without merit.

(ECF No. 7, PageID.1001.) This argument incorrectly equates "12 months plus 90 days" with "15 months." This approach lacks support because a period of three months may last for more than 90 days if it includes months that are 31 days long (e.g., March and May). In this case, when the Michigan Supreme Court denied leave to appeal on March 8, 2022,

the 90-day window in which to petition for certiorari expired on June 6, 2022, not June 8, 2022.

Petitioner also argues in the alternative that the limitations period to file a § 2254 petition was extended by a Michigan procedural rule that permitted him to seek reconsideration of the Michigan Supreme Court's March 8, 2022 order. (*See* ECF No. 7, PageID.1002–1003.) Petitioner relies on (1) Michigan Court Rule of Appellate Procedure 7.313(E), which permitted him to seek reconsideration of the Michigan Supreme Court's order "within 21 days after the date of certification of the order" (*id.* at PageID.1002 (quoting Mich. Ct. R. of App. P. 7.313(E)) and (2) 28 U.S.C. § 2244(d)(2), which provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section" (*id.* at PageID.1001 (quoting 28 U.S.C. § 2244(d)(2)). Petitioner reasons that, between March 8, 2022 and March 29, 2022, his "case was still 'pending' in the Michigan Supreme Court" because Rule 7.313(E) permitted him to move for reconsideration within 21 days of the court's March 8, 2022 order. (*Id.* at PageID.1002.)

Petitioner is mistaken. As an initial matter, Section 2244(d)(2) tolls the deadline to file a § 2254 petition only where there is a "pending," "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Petitioner's direct appeal of his conviction was not such an application. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that § 2244(d) "makes a clear distinction between the conclusion of direct appeals and post-conviction relief" with direct appeals falling under § 2244(d)(1)(A) and applications for post-conviction relief falling under § 2244(d)(2)). Because Petitioner does not identify any "properly filed application for State post-conviction or other collateral review," there is no merit to his argument that § 2244(d)(2) tolled his deadline to file a federal habeas petition.

Further, Petitioner could not prevail even if he were correct that § 2244(d)(2) applies to these circumstances. Even where a petitioner files an application within the meaning of § 2244(d)(2), the "AEDPA limitation period does not stop running for a petitioner who had the opportunity to, but did not, file a motion for reconsideration" of the denial of such an application. *Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. 2015). In

*Scarber*, the Sixth Circuit rejected the argument that the § 2244(d) limitations period remained tolled during the period in which a petitioner could have moved the Michigan Supreme Court for reconsideration following that court's denial of leave to appeal the denial of a motion for post-conviction relief. *See id.* at 1095. *Scarber* is dispositive with respect to Petitioner's argument that § 2244(d)(2) tolls the deadline to pursue federal habeas relief during the period in which a motion for reconsideration could have been (but was not) filed in state-court proceedings.

Petitioner's ability to move the Michigan Supreme Court for reconsideration also did not postpone "the date on which the [State-court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review" under § 2244(d)(1)(A). As set forth above, the judgment against Petitioner became final on the last day on which he could have petitioned the Supreme Court of the United States for certiorari following the Michigan Supreme Court's denial of his application for leave to appeal. The Supreme Court's rules do not extend the 90-day time limit to account for the period in which an appellant *could have* filed a motion for reconsideration with the state's highest

court. The relevant rule states that "[t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3. The rule extends the 90-day deadline to petition for certiorari only under three circumstances: (1) "a petition for rehearing is timely filed," (2) the lower court (including a state court) "appropriately entertains an untimely petition for rehearing," or (3) the lower court "sua sponte considers rehearing." *Id.* None of those circumstances apply here.

Sixth Circuit precedent further confirms that state-court rules such as Rule 7.313(E) do not extend the deadline to petition for certiorari and thus do not extend the limitations period under § 2244(d)(1). In *Giles v. Beckstrom*, the Sixth Circuit held that the 90-day period begins when a state court issues the order that concludes its direct review rather than when a conviction becomes "final" under state law. *See* 826 F.3d 321, 323–25 (6th Cir. 2016). The court thus held that a Kentucky procedural rule that delayed the finality of a criminal conviction for 21 days did not extend the deadline to petition for certiorari and therefore did not

postpone the running of the limitations period under § 2244(d)(1)(A). *See id*. at 325.

In this case, Petitioner never filed a motion for reconsideration under Michigan Court Rule of Appellate Procedure 7.313(E). His petition for a writ of certiorari was therefore due on June 6, 2022—90 days after the Michigan Supreme Court denied leave to appeal. Petitioner's judgment of conviction thus became "final" under § 2244(d)(1)(A) on June 6, 2022 and the limitations period expired one year later on Tuesday, June 6, 2023. Petitioner missed that deadline as he filed his § 2254 petition on Thursday, June 8, 2023.

In sum, Petitioner's § 2254 petition is untimely.

**B. Equitable Tolling**

Petitioner argues that, even if his § 2254 petition were untimely, the statutory deadline should be tolled for equitable reasons. (ECF No. 7, PageID.1003.) The Court disagrees.

Section 2244(d)'s limitations period is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden is on the habeas petitioner to show that he is entitled to equitable tolling. *See Pace*, 544 U.S. at 418. "Courts grant equitable tolling 'sparingly.'" *Hemwall v. Douglas*, 183 F.4th 469, 473 (6th Cir. 2026) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner does not establish a basis to equitably toll his deadline to seek federal habeas relief under the standard set forth above. Although Petitioner notes that his petition was at most "filed only two days late" (ECF No. 7, PageID.1004), this does not excuse his late filing or provide a basis to apply equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–54 (6th Cir. 2011) (declining to equitably toll the deadline to file a § 2254 petition where a prisoner proceeding pro se missed his deadline by only five days). A court considering whether to equitably toll the deadline to seek relief under § 2254 "should not extend limitations by even a single day" in the absence of "compelling equitable considerations." *Thomas v. Romanowski*, 362 F. App'x 452, 454 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art,*

*Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Petitioner points to no such considerations here that would excuse his late filing.

Petitioner, in fact, provides no explanation for why he filed his § 2254 petition after the June 6, 2023 deadline. To the extent his counsel miscalculated the relevant deadline, that mistake does not warrant equitable tolling. "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007); *see also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'" (quoting *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002))).

Petitioner also contends that, because the statute of limitations is not a "jurisdictional bar" to habeas review, a federal court "can, in the interest of judicial economy, proceed to the merits of a habeas petition." (ECF No. 7, PageID.1005 (citing *Smith v. Ohio Dep't of Rehab.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006)).) The case he cites (*Smith*) held that a respondent forfeited its statute-of-limitations defense to a § 2254 petition by failing to raise the defense on appeal. *See* 463 F.3d at 492 n.2. Because

*Smith* proceeded to the merits after finding forfeiture, it nowhere suggested that concerns about judicial economy alone would permit a court to reach the merits of an untimely § 2254 petition. In any event, the Court disagrees with Petitioner's claim that it would be "more efficient to adjudicate the claims on the merits 'than to untangle the complexities of the timeliness issue.'" (ECF No. 7, PageID.2005 (quoting *Jones v. Bowersox*, 28 F. App'x 610, 611 (8th Cir. 2002)).)[3] There are no "complexities" to the "timeliness issue" in this case and, even if there were, such "complexities" would not, on their own, justify equitably tolling Petitioner's deadline to seek relief under § 2254.

In sum, Petitioner fails to demonstrate grounds to equitably toll his deadline to seek federal habeas relief under § 2254.

## III. CONCLUSION

For the reasons set forth above, the Court GRANTS Respondent's motion to dismiss (ECF No. 5) and DISMISSES WITH PREJUDICE the petition for writ of habeas corpus (ECF No. 1).

---

[3] Petitioner cites an Eighth Circuit case that addresses an appellate court's discretion to proceed directly to the merits of an appeal without first addressing a complicated threshold procedural issue (there, the potential untimeliness of a § 2254 petition). *See Bowersox*, 28 F. App'x at 611. The decision has no bearing on whether to equitably toll the limitations period for Petitioner's § 2254 petition.

Where, as here, a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, no jurist of reason could conclude that Petitioner's § 2254 petitioner was timely filed or that Petitioner provided a basis to equitably toll his deadline. The Court therefore DENIES Petitioner the issuance of a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A).

IT IS SO ORDERED.

Dated: September 22, 2026
Ann Arbor, Michigan

s/ Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager